IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02594-RBJ

K.M.,

        Petitioner,

v.

JUAN BALTAZAR, GEORGE VALDEZ,
MARKWAYNE MULLIN, DAVID VENTURELLA,
TODD BLANCHE,
in their official capacities,

        Respondents.

---

## ORDER

---

This matter comes before the Court on petitioner K.M.'s (petitioner) "Verified Petition for a Writ of Habeas Corpus" (Petition), ECF No. 2, and "Motion for Temporary Restraining Order and/or Preliminary Injunction" (Motion), ECF No. 4. K.M. challenges the lawfulness of her current immigration detention on statutory and constitutional grounds. *See* ECF No. 2 at 45–48 ¶¶ 1–23. Among other relief, petitioner requests that the Court enjoin respondents from transferring her out of the District of Colorado or removing her from the United States during the pendency of this action. *See* ECF No. 2 at 49 (¶ b); ECF No. 4 at 2.

1

The Court hereby ORDERS that respondents shall not transfer petitioner outside the District of Colorado or remove her from the United States during the pendency of these proceedings.  The Court further ORDERS that respondents shall file a response to the Petition within 14 days of service of this Order.

Petitioner is a 40-year-old trans woman from Morocco.  She is currently in immigration detention at the Denver Contract Detention Facility in Aurora, Colorado.  ECF No. 2 at ¶ 2.  She asserts that her indefinite detention is in violation of 8 U.S.C. § 1231.  She further asserts that Respondents are violating the Administrative Procedure Act and her procedural and substantive due process rights. *See id.* at ¶¶ 1–23.

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury."  Fed. R. Civ. P. 65(b)(1)(A).  The basic purpose of a TRO is to "preserv[e] the status quo and prevent [] irreparable harm" before a preliminary injunction hearing may be held.  *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.,* 415 U.S. 423, 439 (1974).  TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause . . . for a like period or the adverse party consents to a longer extension").  *See* Fed. R. Civ. P. 65(b)(2).  Moreover, when a court issues an

2

*ex parte* TRO, the adverse party may appear on two days' notice—or on a shorter notice set by the court—and move to dissolve or modify the TRO.  *See* Fed. R. Civ. P. 65(b)(4).

Petitioner presented sufficient evidence to indicate that Respondents will not release defendant or provide her with a proper and timely custody determination in compliance with existing regulations.  ECF No. 4 at 20.  The Government is constitutionally obligated to provide due process.  *See Trump v. J.G.G.,* 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores,* 507 U.S. 292, 306 (1993))).  Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings.  *See A.A.R.P. v. Trump,* 145 S. Ct. 1364, 1368 (2026) (granting TRO to prevent expedited deportation potentially violative of due process).

To protect the status quo and preserve this Court's jurisdiction, the Court enters this TRO to the extent that Respondents are hereby enjoined from removing Petitioner from the United States or transferring her out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order.  *See* 28 U.S.C. § 1651(a); *see also Cervantes Arrendondo v. Baltazar et al.,* 1:25-cv-03040-RBJ (D. Colo. Oct. 8, 2025) (ECF No. 11); *Pineda v. Baltasar et al.,* 1:25-cv-02955-GPG-TPO (D. Colo. Sept. 25, 2025).  The Court expresses no opinion at this time

as to the merits of the pending Petition and Motion and does not rule on any of the other relief Petitioner seeks, such as ordering her release.

To the extent they have not yet done so, no later than Monday, June 15, 2026, Petitioner's counsel is directed to (1) serve Respondents with a copy of the Petition and any accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and (2) promptly file proof of such service on the docket. Within fourteen days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted and the Petitioner released from custody. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at \*1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues (quotations omitted)); *Cortes v. Noem,* No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025).

It is SO ORDERED.

Dated: June 12, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

4