IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02594-RBJ

K.M.,

      Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

      Respondents.

---

## ORDER

---

Before the Court is K.M.'s ("petitioner") Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 2, and Motion for Temporary Restraining Order ("TRO"), ECF No. 4. Petitioner seek an order declaring her current immigration detention unlawful and requiring respondents to release her immediately. ECF No. 2 at 49. Respondents maintain that petitioner's detention is lawful, but they decline to file an opposition brief and thereby provide the Court with no authorities or analysis supporting their position. They suggest that the appropriate relief, if the Petition is granted, is to order a bond hearing (rather than immediate release), but again, they do not provide any support for their position. ECF No. 14.

1

For the reasons set forth below, the Court agrees that petitioner's mandatory detention is unlawful, and orders that respondents release her forthwith.

## I.    Background

Petitioner is a 40-year-old transgender woman from Morocco.  On or around May 27, 2024, K.M. arrived in the United States between ports of entry and surrendered herself to immigration officials.  She has been in ICE custody ever since and is currently detained at the Denver Contract Detention Facility in Aurora, Colorado.  ECF No. 2 at 1.  On September 12, 2024, K.M. applied for asylum.  *Id.* at 18.  A little over a year later, on September 30, 2025, her asylum application was denied.  However, she was granted Withholding protection by an immigration judge ("IJ") due to her status as a transgender woman and the persecution and torture she faced in Morocco.  *Id.* at ¶ 49.  DHS waived its appeal of that decision and the order became final.  *Id*. at 18.  Despite the IJ's order, K.M. remained in custody.  On January 11, 2026, ICE issued a decision to continue detention and expressed its intention to remove her to a third country.  *Id.* at 19.

On June 11, 2026, petitioner filed her habeas petition pursuant to 28 U.S.C. § 2241.  ECF No. 2.  Petitioner challenges her detention on both constitutional and statutory grounds.  Constitutionally, she contends that her continued detention violates her substantive and procedural due process rights because she has remained detained beyond the presumptively reasonable six-month period recognized in

*Zadvydas* without receiving an individualized justification for her continued detention. ECF No. 2 at 4. Statutorily, Petitioner argues that her continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by *Zadvydas*, as well as the Administrative Procedure Act, and DHS' own implementing regulations. *See* ECF No. 2 at 2, 48.

On June 12, 2026, the Court issued an Order to Show Cause directing respondents to address the petition. ECF No. 10. Respondents submitted an abbreviated response that does not dispute the facts or circumstances of K.M.'s detention but argues that the appropriate relief is to order her release on conditions to be set by DHS. ECF No. 14.

The Court has reviewed the filings and now orders respondents release K.M.

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that she is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that her detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g., Garcia Cortes v. Noem*, 1:25-

cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025).  Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

The Court agrees with petitioner that her prolonged detention violates the Constitution and federal law.  The proper relief here is release.

## A. Detention Under 8 U.S.C. § 1231

Under the Immigration and Nationality Act (INA), the Attorney General "shall remove" a noncitizen from the United States who has received a final order of removal "within a period of 90 days."  8 U.S.C. § 1231(a).  During this window, known as the "removal period," detention is mandatory.  *Id.* § 1231(a)(2)(A).

If, however, the noncitizen "does not leave or is not removed within the removal period," detention is sharply circumscribed.  *Id.* § 1231(a)(3).  At that point, the default is that the noncitizen shall be released "subject to the supervision under regulations by the Attorney General."  *Id.* § 1231(a)(3).  But there is an exception: § 1236(a)(6) provides that certain noncitizens—those who are inadmissible or removable on account of criminal conduct or who the Attorney General deems "to be a risk to the community or unlikely to comply with the order of removal"—may be detained beyond the "removal period."  *Id.*

Even where the government invokes this additional detention authority, it is subject to strict limitations.  In *Zadvydas*, the Supreme Court found that § 1231 contains an implicit temporal limitation to avoid running afoul of due process

concerns.  533 U.S. at 690 ("A statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem.").  Because the purpose of civil immigration detention following a final order of removal is to effectuate removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The Supreme Court recognized a presumptively reasonable period of six months. *Id.* at 701.  After that period, if the noncitizen "provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing with sufficient evidence. *Id.*  If removal is not reasonably foreseeable, the noncitizen is entitled to release, which "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Id.* at 700-01.

### B. K.M.'s Detention Violates § 1231 and Zadvydas

Petitioner contends that her continued detention violates § 1231 and her due process rights.  ECF No. 2 at 49.  She alleges that she has been in ICE custody for more than two years, including more than ten months since her removal order became administratively final. *Id.* at ¶ 15.  She further contends that her removal is not reasonably foreseeable because she was granted Withholding of removal to Morocco and is likely to face persecution if removed to a third country. *Id.* at 25-26.

5

There is no dispute that K.M.'s detention under § 1231 has exceeded the presumptively reasonable six-month period recognized in *Zadvydas*. Petitioner's removal order became administratively final on September 30, 2025, and she has remained in custody for more than ten months since that date. Accordingly, petitioner bears the initial burden to show "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The Court concludes that Petitioner has satisfied that burden. She was granted withholding of removal to Morocco, and respondents have submitted no evidence supporting DHS's assertion that it intends to remove K.M. to a third country. Because petitioner has made that requisite showing, the burden shifts to respondents to provide evidence sufficient to rebut it. Respondents' evidence must demonstrate that removal is significantly likely in the reasonably foreseeable future. *See id*. Respondents have not done so. As noted above, respondents do not meaningfully dispute petitioner's factual allegations or otherwise identify evidence establishing that her removal is reasonably foreseeable. Therefore, petitioner's continued detention is not authorized by § 1231(a)(6).

## III. ORDER

Therefore, it is hereby ORDERED that:

6

1.  The Petition, ECF No. 2, is GRANTED.  Respondents SHALL release petitioner on her own recognizance within 48 hours of this Order.  As petitioner's motion for a TRO seeks the same relief set forth in her petition, ECF No. 4, then to the extent that motion was not previously granted, it is now DENIED AS MOOT.

2.  Respondents MAY NOT impose additional release conditions other than those that petitioner was subject to prior to her current detention.

3.  The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

It is SO ORDERED.[1]

Dated: August 3, 2026          BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

---

[1] To the extent petitioner seeks attorneys' fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.